UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIRA CRUZ,<br><br>                Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, NATIONAL STEEL AND SHIPBUILDING COMPANY, and PETERSON INDUSTRIAL SCAFFOLDING, INC.,<br><br>                Defendants. | Case No.: 14cv2956-LAB (DHB)<br><br>**ORDER REGARDING JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**<br><br>**[ECF No. 45]** |

      On January 26, 2016, Plaintiff and Defendant National Steel and Shipbuilding Company ("NASSCO") filed a Joint Motion for Determination of Discovery Dispute.[1]

---

[1] The Court notes that Plaintiff's counsel refused to provide Plaintiff's portion of the Joint Motion to NASSCO's counsel so that NASSCO could meaningfully prepare an opposition. (ECF No. 45-3 at ¶2.) Plaintiff's counsel's conduct in this Court's view is at best, inappropriate, and at worst, verges on violating the Local Rules of Professionalism, which provide counsel must not "serve motions and pleadings on opposing parties or counsel at a time or in a manner that will unfairly limit their opportunity to respond." CivLR 83.4(a)(2)(e). This Court's Chambers Rules should not have needed to specify that NASSCO be given an opportunity to view Plaintiff's portion of the motion in advance of preparing its opposition, as common sense and professional courtesy should have made this obvious. Nevertheless, the Court has amended its Chambers Rules to make clear that "the party initiating a joint motion to resolve a discovery dispute must provide opposing counsel with a complete draft of the joint motion and any exhibits or

(ECF No. 45.)  Having considered the parties' submissions and supporting exhibits, the Court hereby **DENIES** Plaintiff's motion to compel, as outlined below.

## I. BACKGROUND

Plaintiff commenced this action on December 16, 2014, by filing a Complaint alleging that on or about February 20, 2013, she was injured while working as a tank-tester aboard the Navy vessel, USS MAKIN ISLAND, during ship repair operations at the dock in San Diego. (ECF No. 1.) Plaintiff alleges her injuries were, at least partially, due to NASSCO's negligence in failing to cover an exposed hole in the deck at the bottom of a vertical ladder leading into one of the ship's tanks. Following the accident, NASSCO employees conducted an investigation and prepared a number of reports. (*See* ECF No. 45-3 at ¶ 4.)

On June 23, 2015, Plaintiff propounded her first set of Request for Production of Documents on NASSCO. (ECF No. 45-3 at ¶ 5.) In Request for Production No. 5, Plaintiff demanded "All documents pertaining to all self-critical analyses of subject accident." (ECF No. 45-4 at 65.)

NASSCO responded to the document requests on July 27, 2015. (ECF No. 45-4 at 60-71.) NASSCO objected to Request No. 5, stating the requested documents were protected by the attorney-client privilege and work product doctrine. (*Id.* at 65.)

Plaintiff waited approximately two and a half months before initiating the meet and confer process regarding the document requests. On October 13, 2015, Plaintiff sent NASSCO a letter challenging NASSCO's assertion of the attorney-client and work product privilege. (ECF No. 45-5 at 74-75.)

Thereafter, on November 4, 2015, NASSCO produced certain documents as well as a privilege log. (ECF No. 45-3 at ¶ 8; 45-4 at 77-80.) The privilege log indicated that

---

supporting declarations **at least** five (5) business days prior to the anticipated filing date." Judge Bartick's Civil Chambers Rules IV(C)(3). Plaintiff's counsel is directed to review the revised Chambers Rules, which are posted on the Court's website.

NASSCO had withheld the following two documents on the basis of privilege: (1)"Email Correspondence with attached Draft Critique Report;" and (2) "Final Critique Report." (ECF No. 45-4 at 80.)

On November 10, 2015, Plaintiff propounded a second set of Request for Production of Documents. (ECF No. 45-3 at ¶ 9.) In Request for Production No. 15, Plaintiff requested "All post-accident Critique Reports prepared by you concerning plaintiff Sira Cruz's February 20, 2013 accident aboard the USS MAKIN ISLAND which is the subject of this action." (ECF No. 45-5 at 86.)

NASSCO responded to the second set of document requests on December 18, 2015 (served on December 22, 2015). (ECF No. 45-3 at ¶ 9.) NASSCO objected to Request No. 15 on grounds of attorney-client privilege and work product protection. (ECF No. 45-4 at 86.) NASSCO further objected that Request No. 15 was "duplicative of prior requests for production of documents, including but not limited to Request for Production No. 5." (*Id.*)

Following further unsuccessful meet and confer efforts, the parties filed the instant joint motion. (ECF No. 45.) Plaintiff moves to compel NASSCO to produce further documents in response to Request No. 15, and specifically asks the Court to compel NASSCO to produce the "Email Correspondence with attached Draft Critique Report" and "Final Critique Report."[2] NASSCO argues the motion is untimely, and that the requested documents are protected from disclosure by the attorney-client privilege and work product doctrine.

## II. ANALYSIS

Pursuant to this Court's Chambers Rules, all discovery motions must be filed "within forty-five (45) days of the date upon which the event giving rise to the dispute occurred." Judge Bartick's Civil Chambers Rules IV. For written discovery, the event giving rise to

---

[2] NASSCO indicates that the first document listed on the privilege log was erroneously included, as it does not refer to Plaintiff's accident, or any accident. Therefore, NASSCO states it will provide Plaintiff with an updated privilege log removing the document. *See* ECF No. 45-3 at ¶ 11.

the dispute is the date of the service of the initial response. *Id.* Plaintiff argues the event that triggered the time for filing the joint discovery motion was NASSCO's response to Request No. 15. The Court disagrees.

Request for Production No. 15 is substantially similar to Request for Production No. 5. In Request No. 5, Plaintiff broadly asked for all documents regarding "self-critical analyses." (ECF No. 45-4 at 65.) Then, months after the deadline to move to compel had expired with regard to Request No. 5, Plaintiff propounded Request No. 15, which requested a specific subset of the documents sought by Request No. 5. Indeed, in Request No. 15, Plaintiff seeks the exact documents that NASSCO indicated were responsive to Request No. 5, but withheld due to privilege. (*Compare* ECF No. 45-4 at 80 (Privilege Log indicating "Draft Critique Report" and "Final Critique Report" were being withheld) with ECF No. 45-5 at 86 (Request No. 15 requesting "Critique Reports").)

Under Federal Rule of Civil Procedure 26(b)(2)(C), the Court must limit discovery that is "unreasonably cumulative or duplicative." Fed.R.Civ.P. 26(b)(2)(C). Moreover, Courts in this district routinely reject attempts to end-run around discovery deadlines. *See Bird v. PSC Holdings I, LLC*, 2013 WL 1120659 (S.D. Cal. Mar. 18, 2013) (stating "any discovery demands which are substantially similar to previous demands will not re-start the clock for filing a discovery motion, and may be grounds for a protective order."); *ViaSat, Inc. v. Space Systems/Loral Inc.*, 2013 WL 3467413 (S.D. Cal. July 10, 2013) ("The Court is not inclined to indicate to these parties, or any parties, that they will be allowed to do an end run around discovery deadlines that were missed through a party's own lack of due diligence. The consequences for failing to meet Court deadlines are undermined if the neglectful party is allowed to seek the same information through a different discovery vehicle.").

Here, the Court finds the event giving rise to the dispute was the date NASSCO responded to Request No. 5, which was July 27, 2015. (ECF No. 45-4 at 60-71.) Therefore, the deadline for this discovery motion to be filed was September 9, 2015. Accordingly,

Plaintiff's motion to compel is untimely.[3]  The Court rejects Plaintiff's attempt to revive the filing deadline by propounding Request No. 15.

### III. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's motion to compel further response to Request for Production No. 15 is **DENIED**.

IT IS SO ORDERED.

Dated:  February 24, 2016

Hon. David H. Bartick
United States Magistrate Judge

---

[3] Even assuming the 45-day period started to run on November 4, 2015, when NASSCO produced the privilege log that specifically identified the Final Critique Report, Plaintiff's motion is still untimely by more than a month.